CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 13, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT EARL FIFER, | ) |
| Appellant, | ) |
| v. | ) Case No. 7:24-cv-00417 |
| CHAPTER 13 TRUSTEE, | ) By: Elizabeth K. Dillon |
| Appellee. | ) Chief United States District Judge |

## MEMORANDUM OPINION

This case was appealed to this court after United States Bankruptcy Judge Paul M. Black dismissed appellant Robert Earl Fifer's voluntary Chapter 13 bankruptcy petition due to his failure to file all required schedules and after Judge Black subsequently denied Fifer's motion for reconsideration.[1] (Dkt. No. 1.) Although Fifer filed a notice of appeal, he did not file a brief as required under Federal Rule of Bankruptcy Procedure 8018, "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." On October 29, 2024, this court issued a show-cause order directing Fifer to "show cause within fourteen (14) days of the date of this order why this Bankruptcy Appeal should not be dismissed by filing a response [] setting forth good cause, if there is any, as to why he failed to file a timely brief as required under the rules." (Show Cause Order 2, Dkt. No. 5.) Fifer was advised that if he failed to file a response, his appeal may be dismissed. (*Id.*) The deadline for filing a response has passed. On November 18, 2024, the Show Cause Order mailed to Fifer's address was returned to the clerk's office as undeliverable. (Dkt. No. 6.)

---

[1] In its order, the bankruptcy court noted that this is Fifer's eighth bankruptcy case filed in the United States Bankruptcy Court for the Western District of Virginia and fourth Chapter 13 bankruptcy filing. (Designation of R. on Appeal 18, Dkt. No. 4.) "The expectations of the Court and the documents required to be filed in a Chapter 13 case are well known to this Debtor." (*Id.*)

In light of this background, the court must determine whether to dismiss Fifer's bankruptcy appeal as permitted under Federal Rule of Bankruptcy Procedure 8018(a)(4).[2] The Fourth Circuit has recognized "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline [is] a harsh sanction which a district court must not impose lightly." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992). In exercising its discretion to dismiss a bankruptcy appeal for failing to file a brief on time, the court must "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *Meral, Inc. v. Xinergy Ltd.*, No. 7:16-cv-00059, 2016 WL 3661589, at *1 (W.D. Va. July 1, 2016) (citing *Serra Builders*, 970 F.2d at 1311). "Proper application of the *Serra Builders* test requires the court to consider and balance all relevant factors. *Lawson v. Tice*, 115 Fed. Appx. 611, 612 (4th Cir. 2004) (citing *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995)).

In this case, the *Serra Builders* factors weigh in favor of dismissal. The court finds that Fifer has demonstrated negligence in prosecuting this appeal by failing to file the required brief by the statutory deadline and by not responding the court's show-cause order. The only other party in this case is the Chapter 13 Trustee, who holds "an administrative role, collecting funds from the debtor and paying out funds to the creditors in accordance with the confirmed Chapter 13 Plan." *David v. King*, 109 F.4th 653, 657 (4th Cir. 2024) (citing 11 U.S.C. § 1302)). As other district courts in the Fourth Circuit have observed, an appellant's excessive delay prejudices the Bankruptcy Trustee in the disposition of estate assets. *See, e.g.*, *Brandeen v. Liebmann*, No.

---

[2] "If an appellant fails to file a brief on time or within an extended time authorized under (a)(3), the district court or [Bankruptcy Appeal Panel] may—on its own after notice or on the appellee's motion—dismiss the appeal." Fed. R. Bankr. P. 8018(a)(4).

RDB-16-2945, 2017 WL 1398266, at *2 (D. Md. Apr. 19, 2017) (citing *Andresen v. Rosen*, No. PJM-05-3164, 2006 WL 4550187, at *3 (D. Md. Sept. 26, 2006)). Fifer's failure to file a brief and respond to this court's show-cause order, impedes the Trustee's efforts to settle Fifer's claims in a Chapter 13 bankruptcy proceeding. *See Brandeen*, No. RDB-16-2945, 2017 WL 1398266, at *2 (holding same in Chapter 7 bankruptcy proceeding). Therefore, the delay has a prejudicial effect on the Trustee. Finally, the court concludes that dismissal is the only appropriate course of action. Fifer has missed deadlines and has failed to submit any filings with the court since early July 2024.[3] Any additional correspondence or further extension of the deadline for filing a brief, would be insufficient.[4] Having considered all of the *Serra Builders* factors, the court finds that dismissal is an appropriate sanction given Fifer's excessive delay and his failure to respond to this court's show-cause order. *See, e.g.*, Fed. R. Bankr. P. 8018(a)(4) (after notice, district court may dismiss for failure to file brief on time); *Brandeen*, No. RDB-16-2945, 2017 WL 1398266, at *2 (finding appellant's failure to file a brief or respond to the court's

---

[3] On July 10, 2024, Fifer submitted a filing docketed as a "motion to quash the unlawful detainer." (Dkt. No. 2.) This court dismissed the motion for several reasons, including its lack of clarity regarding the specific relief Fifer was seeking. (Dkt. No. 3, at 1.) The motion was dismissed without prejudice, with the court noting, "Fifer may file any further documents with the court that are clearly labeled as motions and contain the specific actions he wants the court to take." (*Id.*) Fifer has made no subsequent filings.

[4] As noted above, the show-case order mailed to Fifer was returned as undeliverable on November 18, 2024, with no forwarding address. (Dkt. No. 6.) All litigants before this court are required to keep an updated address on file with the Clerk. *See* W.D. Va. Civ. R. 11(a); *see also* Bankr. W.D. Va. R. 4002-2 ("The attorney of record or pro se debtor(s) shall notify the Clerk in writing of a change of mailing address or registered email address for the debtor(s) or debtor's counsel."). Without an updated address, there is no way for the court to contact the party.

Fifer has not filed anything with the court since early July and has not updated his address. As such, any additional correspondence or further extension of the deadline to file a brief would likely prove fruitless. Therefore, dismissal is appropriate. *See e.g.*, *McCormick v. Horn*, No. 7:24-cv-00507, 2024 U.S. Dist. LEXIS 165357, *1 (W.D. Va. Sept. 13, 2024) (dismissing *pro se* prisoner's case for failing to provide an updated address, as required by a prior order, which was mailed to the plaintiff but returned as undeliverable); *Bardeau v. Pickrel*, No. 7:21CV00115, 2021 WL 4520668, at *1 (W.D. Va. Aug. 9, 2021) (same); *see also Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (stating that *pro se* litigants are subject to time requirements and must comply with court orders, and that dismissal is an appropriate sanction for non-compliance).

show-cause order, nearly six months after the deadline for submitting his brief, sufficient grounds for dismissing the bankruptcy appeal).

For the foregoing reasons, the court will dismiss Fifer's Chapter 13 bankruptcy appeal with prejudice. *See Brandeen*, No. RDB-16-2945, 2017 WL 1398266, at *3 (dismissing bankruptcy appeal with prejudice). An appropriate final order will be entered.

Entered: March 13, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge